UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

James Carl Miller, # 167675,                )
                                            )
                                            ) C/A No. 6:14-1544-DCN-KFM
                    Petitioner,             )
                                            )
vs.                                         ) **Report and Recommendation**
                                            )
~~State of South Carolina~~;                )
Warden of Lee Correctional Institution,     )
                                            )
                    Respondent.             )
_____ )

## *Background of this Case*

Petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. He is serving a life sentence for a murder conviction and a concurrent five-year sentence for a weapons charge entered in the Court of General Sessions for Greenville County on May 1, 1990.

Petitioner indicates that his convictions were affirmed on direct appeal by the Supreme Court of South Carolina in Opinion No. 91-MO-171 on June 24, 1991. Petitioner filed an application for post-conviction relief (Case No. 2000-CP-23-5248), which was denied by the Court of Common Pleas on May 3, 2002. Petitioner also filed a second application for post-conviction relief (Case No. 2003-CP-23-2435) on April 9, 2003. Petitioner also refers to a third application for post-conviction relief (Case No. 2012-CP-23-7604), wherein he raised claims under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). All three applications for post-conviction relief were denied. Petitioner indicates that he appealed to the Supreme Court of South Carolina in all three post-conviction cases.

Petitioner raises three grounds in his Section 2254 Petition. Those grounds are: (1) Petitioner's attorney and the Solicitor knew that Petitioner had an IQ of 68 and was mildly retarded; (2) ineffective assistance of counsel for failing to request a competency hearing; and (3) ineffective assistance of counsel for failing to object to a jury instruction that the jury could infer malice from use of a deadly weapon.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Petitioner has had a prior Section 2254 action relating to his convictions for murder and use of a weapon entered in the Court of General Sessions for Greenville County on May 1, 1990. In *James Carl Miller v. E. Richard Bazzle*, C.A. No. 6:03-2385-PMD-WMC, Petitioner filed a Section 2254 habeas corpus petition on July 30, 2003. The Honorable William M. Catoe, United States Magistrate Judge, on August 5,

2

2003, authorized service of the petition. Counsel for respondent filed a return, motion for summary judgment, and memorandum on October 20, 2003. A *Roseboro* order (ECF No. 13) was issued on October 23, 2003, to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner filed his response (ECF No. 14) on December 1, 2003.

In a Report and Recommendation (ECF No. 16) in C.A. No. 6:03-2385-PMD-WMC on February 27, 2004, Judge Catoe recommended that respondent's motion for summary judgment be granted because the petition was time barred and Petitioner was procedurally barred from seeking federal habeas corpus relief. The parties in C.A. No. 6:03-2385-PMD-WMC were apprised of their right to file timely written objections to the Report and Recommendation. Petitioner filed his objections (ECF No. 17) on March 12, 2004. On April 26, 2004, the Honorable Patrick Michael Duffy, United States District Judge, adopted the Report and Recommendation and granted summary judgment to respondent (ECF No. 18). No appeal was filed in C.A. No. 6:03-2385-PMD-WMC.

The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010). This Court may take judicial notice of C.A. No. 6:03-2385-PMD-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since C.A. No. 6:03-2385-PMD-WMC was decided by summary judgment, the instant Petition is successive, notwithstanding Petitioner's state court post-conviction proceedings in Case No. 2012-CP-24-7604 subsequent to Petitioner's prior habeas corpus action.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254

4

petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C).").

### *Recommendation*

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return because the Petition is successive.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  It is also recommended that the District Court deny a Certificate of Appealability.  Petitioner's attention is directed to the notice on the next page.

April 24, 2014                                                     s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).